1  Pamela J. Scholefield (SBN 196368)
2  SCHOLEFIELD, P.C.
   501 West Broadway, #1770
3  San Diego, CA 92101
   Telephone: (619) 544-0086
4  Fax: (619) 544-0045
5  pam@construction-laws.com

6  Attorney for Plaintiff:
7  Aztec Doberman Pinscher Club of San Diego

8

9              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF CALIFORNIA
10

11

12  JAMES A. FRY DBA FOX NETWORK )  CASE NO:   11-CV-1329 BTM POR
    SYSTEMS;                     )
13                    Plaintiff) **AZTEC DOBERMAN PINSCHER**
                                    **CLUB OF SAN DIEGO'S ANSWER**
14  v.                          )  **AND COUNTERCLAIM FOR**
    AZTEC DOBERMAN PINSCHER      )  **DECLARATORY JUDGMENT;**
15  CLUB OF SAN DIEGO            )  **INJUNCTIVE RELIEF; and DAMAGES**
                    Defendant)
16  _____)
17                               )  **JURY TRIAL DEMANDED**
    AZTEC DOBERMAN PINSCHER      )
18  CLUB OF SAN DIEGO,           )  **Judge: Hon. Barry Ted Moskowitz**
19             Counterclaimant)
    v.                          )
20  JAMES A. FRY DBA FOX NETWORK )
    SYSTEMS;                     )
21                               )
               Counter-Defendant)
22                               )
    _____)
23

24          **ANSWER and COUNTERCLAIM**

25        Defendant and Counterclaimant, AZTEC DOBERMAN PINSCHER CLUB OF SAN

26  DIEGO, ("Aztec") through its attorney submits its Answer to the Complaint of Plaintiff,

27  JAMES A. FRY DBA FOX NETWORK SYSTEMS, and its Counterclaim against JAMES

28

                               **1**

1  A. FRY DBA FOX NETWORK SYSTEMS on personal knowledge as to its own activities

2  and information and belief as to the activities of others as follows:

3  <u>**ANSWER**</u>

4  **JURISDICTION**

5       1.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C.

6  § 1331(federal question) in that Plaintiff's cause of action arises under the federal Copyright

7  Act, 17 U.S.C. § 101 *et. seq.*

8  **FEDERAL QUESTION JURISDICTION**

9       2.     A district court has original jurisdiction over cases "arising under" federal law.

10  28 U.S.C. §1331.

11       3.     A case arises under federal law if it requires interpretation of the Copyright

12  Act.  *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964) ("an action 'arises under'

13  the Copyright Act. . . if the complaint. . . assert a claim requiring construction of the Act.");

14  *Gerig v. Krause Publ'n., Inc.*, 58 F. Supp. 2d 1261, 1267, 1267 n.5 (D. Kan. 1999).

15       4.     In the Claim, Paragraph # 3, Plaintiff sets forth a claim for the "use of

16  copyrighted images without permission".  In the Claim, Plaintiff is attempting to exercise

17  rights to control the use and distribution of certain copyrighted images under the theory that

18  Plaintiff is the exclusive owner of the copyrights.  17 U.S.C. §§101 *et. seq.* and 201 *et. seq.*

19       5.     The Copyright Act, Title 17 U.S.C. § 101 *et. seq.*, is the exclusive law

20  regulating copyrighted materials including the rights to own, transfer or license such rights.

21  Therefore, the Claim is exclusively a federal question.

22  **VENUE**

23       6.     The United States District Court for the Southern District of California is

24  proper because the Claim is a copyright action filed in San Diego County, California. 28

25  U.S.C. §1400 (a), (b), and both Plaintiff and Aztec are residents in the Southern District of

26  California.

27    ///

28    ///

**ANSWER and COUNTERCLAIM**
**Case No. 11-CV-1329 BTM POR**

## RESPONSE TO SPECIFIC ALLEGATIONS

7.     Answering Paragraph 1 of the Claim, Aztec is without sufficient knowledge or information to form a belief as to the truth of the allegations of the business entity and therefore denies such allegation; Aztec is informed and believes and on that basis admits the addresses listed for Plaintiff.

8.     Answering Paragraph 2 of the Claim, Aztec admits the allegations.

9.     Answering Paragraph 3 of the Claim, Aztec denies each and every allegation, except that Aztec admits that on or about March 7, 2011, Aztec received a notification from Plaintiff demanding that Aztec remove specific images from Aztec's website, but Aztec denies that Plaintiff had the right to make such demands.

10.     Answering Paragraph 4 of the Claim, Aztec denies the allegations.

11.     Answering Paragraph 5, Aztec denies that the court selected had jurisdiction over this matter.

12.     Answering Paragraph 6 of the Claim, Aztec admits it does business in zip code 92101.

13.     Answering Paragraph 7 of the Claim, Aztec admits the allegations.

14.     Answering Paragraph 8 of the Claim, Aztec admits the allegations.

15.     Answering Paragraphs 9, 10, and 11 of the Claim, Aztec is without sufficient knowledge or information to form a belief as to the truth of the allegations in these Paragraphs and therefore denies such allegations.

## AFFIRMATIVE DEFENSES

16.     As and for affirmative defenses to the claims in Plaintiff's original Complaint, Aztec alleges the following on personal knowledge as to its own activities and information and belief as to the activities of others as follows:

## FIRST AFFIRMATIVE DEFENSE

17.     Non-infringement.  Aztec's alleged use of Plaintiff's copyrighted material is lawful based on the fact that Plaintiff does not have valid copyrights to the images and that Aztec is the rightful copyright owner of the images.

ANSWER and COUNTERCLAIM
Case No. 11-CV-1329 BTM POR

1

**SECOND AFFIRMATIVE DEFENSE**

2

18.    Copyright registration.  Aztec has submitted its copyright registration to the

3

United States Copyright Office.  The copyrightable portions of the Aztec website,

4

*aztecdpc.com*, have been submitted for registration and are pending approval.  Aztec is the

5

original creator of the images, and entitled to copyright protection.

6

**THIRD AFFIRMATIVE DEFENSE**

7

19.    Fraud.  Plaintiff represented to Aztec that if Aztec provided him the images of

8

Aztec's rescue dogs, the images would be used for the purpose of presenting the dogs

9

through his website to the public in order to find homes for the dogs.  Plaintiff's

10

representation was false in that Plaintiff intended to also use the images of the dogs to entice

11

unwary donors to make donations to him while they believed that they were making the

12

donations to Aztec for the purpose of covering the costs of the direct care, housing, feeding,

13

training and the medical needs of the dogs.  Plaintiff knew that the representation was false

14

when he made it, or he made the representation recklessly and without regard for its truth.

15

Plaintiff intended that Aztec rely on the representation and Aztec reasonably relied on

16

Plaintiff's representation in providing the images of Aztec's dogs to Plaintiff and would not

17

allowed Plaintiff to display the images on his website had it known the truth.  Aztec was

18

harmed in that its images were commandeered and it did not receive all the donations that

19

were intended for Aztec for the benefit of the dogs, and the public was confused and

20

remains confused as to the distinction between Aztec and Plaintiff.

21

**FOURTH AFFIRMATIVE DEFENSE**

22

20.    No license agreement exists. Claim for payment for permissive use of images

23

for a fee would constitute a license agreement between Aztec and Plaintiff, and no such

24

license agreement exists.

25

**FIFTH AFFIRMATIVE DEFENSE**

26

21.    Insufficient originality.  Claim for payment is based on copyright infringement

27

and copyright licensing breach, which are claims that Plaintiff cannot maintain because they

28

are based on original images owned by Aztec.

**4**

ANSWER and COUNTERCLAIM
Case No. 11-CV-1329 BTM POR

**SIXTH AFFIRMATIVE DEFENSE**

22.     Unclean Hands.  Plaintiff's initiation of this action is an attempt to extract payment based on rights to specific images that he does not own, further Plaintiff used the images of Aztec's rescue dogs to entice unsuspecting donors to give him money while such donors believed they were donating to Aztec.

**SEVENTH AFFIRMATIVE DEFENSE**

23.     Waiver. Plaintiff intentionally relinquished any rights or control over any material, if he ever had any such copyrightable ownership, by acknowledging the work belonged to, and was done for, the benefit of Aztec at the time of creation.

**EIGHTH AFFIRMATIVE DEFENSE**

24.     Complaint not in good faith. Claim is based on a frivolous argument alleging copyrights to images not owned by Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

25.     Unjust enrichment. Plaintiff has profited by using Aztec's images in a fashion that he did not disclose, which was to entice unsuspecting donors to give him money while such donors believed they were donating to Aztec, and he collected an amount through such unauthorized in the amount of $20,000, or an amount according to proof.

**TENTH AFFIRMATIVE DEFENSE**

26.     Conversion.  Plaintiff used the images of Aztec's rescue dogs in an unauthorized fashion to entice unsuspecting donors to give him money while such donors believed they were donating to Aztec.

**ELEVENTH AFFIRMATIVE DEFENSE**

27.     Detrimental Reliance.  Plaintiff represented to Aztec that if Aztec provided him the images of Aztec's rescue dogs, the images would be used for the purpose of presenting the dogs through his website to the public in order to find homes for the dogs. Plaintiff's representation was false in that Plaintiff intended to also use the images of the dogs to entice unwary donors to make donations to him while they believed that they were making the donations to Aztec for the purpose of covering the costs of the direct care,

ANSWER and COUNTERCLAIM
Case No. 11-CV-1329 BTM POR

1  housing, feeding, training and the medical needs of the dogs.  Plaintiff knew that the

2  representation was false when he made it, or he made the representation recklessly and

3  without regard for its truth.  Plaintiff intended that Aztec rely on the representation and

4  Aztec reasonably relied on Plaintiff's representation in providing the images of Aztec's dogs

5  to Plaintiff and would not allowed Plaintiff to display the images on his website had it

6  known the truth.  Aztec was harmed in that its images were commandeered and it did not

7  receive all the donations that were intended for Aztec for the benefit of the dogs, and the

8  public was confused and remains confused as to the distinction between Aztec and Plaintiff.

9  ### TWELFTH AFFIRMATIVE DEFENSE

10  28.    Causation.  No causation between Aztec's alleged acts and Plaintiff's damages.

11  Claim fails to specify a relationship between Aztec's alleged acts and authority for the

12  imposition of fees.

13  ### THIRTEENTH AFFIRMATIVE DEFENSE

14  29.    Estoppel.  Plaintiff is estopped from claiming copyright to images of Aztec's

15  rescue dogs because the digital images of the dogs were provided to Plaintiff by Aztec

16  pursuant to Plaintiff's offer to display the dogs in order to find the digs good homes.

17  Subsequently, Plaintiff deleted the digital images off of Aztec's camera's memory card.

18  ### FOURTEENTH AFFIRMATIVE DEFENSE

19  30.    No Relief.  Plaintiff's Claim fails to state a claim upon which relief can be

20  granted. Claim makes no definitive reference to any laws or rights granting Plaintiff

21  copyright ownership or the right to impose fees or to license images to others, nor does he

22  allege any mutual agreement or license for Aztec's payment for such images, should he

23  have had copyrights to the images.

24  ### COUNTERCLAIM

25  ### FEDERAL QUESTION JURISDICTION

26  31.    This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§

27  1331 and 1338(a) because this Counterclaim presents a civil action under the United States

28

**6**

1  Copyright Act.  Aztec further seeks relief under 28 U.S.C. § 2201, 2202 (Declaratory

2  Judgment Act).

3  **VENUE**

4      32.    The United States District Court for the Southern District of California is

5  proper because the Claim is a copyright action filed in San Diego County, California.  28

6  U.S.C. §1400 (a), (b), and both Fry and Aztec have their principal place of business in the

7  Southern District of California.

8  **BACKGROUND**

9      33.    Plaintiff initially filed his Claim in California State Superior Court, County of

10  San Diego claiming that Aztec owes him payment on Aztec's use of Aztec rescue dogs'

11  images ("Aztec Rescue Images") on Aztec's website.  However, the question of whether or

12  not Plaintiff is the owner of the copyrights to Aztec Rescue Images is essential to Plaintiff's

13  Claim.  Plaintiff is claiming: (1) that Aztec is using Plaintiff's copyrighted images without

14  his permission; and (2) that because of such non-permissive use, a breach of a licensing

15  agreement has occurred and therefore Plaintiff is entitled to impose fees for use of the

16  copyrighted images.  17 U.S.C. §§101 *et. seq.* and 201 *et. seq.*

17      34.    Aztec denies that Plaintiff is the copyright owner of Aztec Rescue Images, and

18  further denies that there is any licensing agreement.  Therefore Plaintiff will need to prove

19  that he owns the copyrights to Aztec Rescue Images or that he owns the right to license such

20  copyrighted images.  Further, he must prove that a licensing agreement in fact exists

21  between Plaintiff and Aztec pursuant to which Aztec would owe fees to Plaintiff for the use

22  of Aztec Rescue Images.

23      35.    The Copyright Act, Title 17 U.S.C. § 101 *et. seq.*, is the exclusive law

24  regulating copyrighted materials including the rights to own, transfer or license such rights.

25      36.    Under 17 U.S.C. § 411(a), registration of a copyright is a prerequisite to

26  bringing an infringement suit.   Further, "receipt by the Copyright Office of a complete

27  application satisfies the registration requirement of § 411(a)." *Cosmetic Ideas, Inc. v.*

28  *IAC/Interactivecorp,* 606 F.3d 612 (9th Cir. 2010).

**7**

37.     On or about June 14, 2011, Aztec submitted an application for copyright registration of various images that are on the Aztec website (*www.aztecdpc.com*), and is currently awaiting registration [claim# 1-622320731].  The images submitted for registration include the Aztec Rescue Images that are the subject of Plaintiff's Claim and the image of Aztec's logo (hereinafter the "Aztec Logo"), which is the Doberman superimposed in front of an image of an ancient sun disc/calendar.  Attached hereto as **Exhibit A** are true and correct copies of the images Aztec submitted for registration.  Therefore, Aztec has standing to bring this Counterclaim under 17 U.S.C. § 411(a).

38.     On or about April 22, 2011, a different trial was held in the Superior Court of California, County of San Diego pursuant to a lawsuit brought by Plaintiff against Aztec claiming payment was owed to Plaintiff for, among other things, Aztec's use of the Aztec Logo (Superior Court Case No. 37-2011-00001022-SC-SC-CTL).  In that case, the court returned a judgment in favor of Aztec as defendants finding that Plaintiff did not own the rights to the Aztec Logo.

39.     Soon after the court entered the judgment against Plaintiff, James A. Fry began displaying an image of the Aztec Logo on the website he controls and which he uses as a fictitious business name: DobermanResQ.com, and he, under the fictitious business name of Fox Network Solutions, filed this instant Claim in California Superior Court. Thereafter, as described above, Aztec registered the Aztec Rescue Images that are the subject matter of Plaintiff's Claim, as well as the image of the Aztec Logo (hereinafter, the Aztec Rescue Images and Aztec Logo are together referred to as the "Aztec Images.")

40.     Aztec believes that it is the rightful copyright owner of all the Aztec Images created by or for Aztec.

41.     The Aztec Rescue Images at issue in this case were created by the then chairperson of the Aztec Doberman Rescue program, an established and recognized program of Aztec.

42.     In the course of carrying out the duties of the chairperson of Aztec's Doberman Rescue, the chairperson takes photographs of the dogs that are taken into Aztec's

ANSWER and COUNTERCLAIM
Case No. 11-CV-1329 BTM POR

1  rescue program.  Aztec then uses these photographs to promote the dogs for adoption.  Thus,

2  the photographs are taken of Aztec-owned dogs, by Aztec Doberman Rescue committee

3  members, using Aztec's camera, at Aztec authorized kennels.  These rescue images are

4  fixed in a tangible medium of expression sufficiently permanent or stable to permit the work

5  to be perceived, reproduced, or otherwise communicated for more than a transitory duration.

6  In this case, all the Aztec Rescue Images are digital files initially stored on the camera

7  memory card, and then transferred to a computer drive for display on the Aztec website and

8  other websites.

9        43.      Thus, Aztec is the rightful owner of the Aztec Rescue Images as the original

10  creator through a work-for-hire relationship between Aztec and the chairperson and

11  committee members of the Aztec Doberman Rescue program.

12        44.      The Aztec Logo is merely a derivative work based on a similar logo (the

13  Doberman superimposed in front of an image of an ancient sun disc/calendar) that Aztec has

14  used for over 25 years.   The logo was modified in or about 2003 to its current form.

15  Pursuant to the separate lawsuit filed by Plaintiff against Aztec as described above, the

16  Superior Court of California has ruled that Aztec is the owner of the Aztec Logo.  As

17  described above, Aztec has filed for registration of the image of the Aztec Logo.

18        45.      Thus, Aztec brings this Counterclaim based on its claim of copyright

19  ownership of the Aztec Images.

20        46.      Aztec is informed and believes that James A. Fry is a member, director and

21  officer of DOBERMANRESQ INC. and is the person who dominates and controls

22  DOBERMANRESQ INC.  James A. Fry DBA FOX NETWORK SYSTEMS and JAMES

23  A. FRY DBA DOBERMANRESQ.COM, and DOBERMANRESQ INC., hereinafter

24  referred to as the "Fry Entities," and James A. Fry, the individual, are each and all liable for

25  the acts of the others as alleged in this Counterclaim as the alter egos of each other.

26  Recognition of the privilege of separate existence would promote injustice because James

27  A. Fry dominated and controlled the Fry Entities, and Aztec is informed and believes and on

28  that basis alleges, that James A. Fry and the Fry Entities failed to comply with required legal

ANSWER and COUNTERCLAIM
Case No. 11-CV-1329 BTM POR

1  formalities in their business dealings, comingled funds and other assets between themselves,

2  did not conduct business with each other through arms-length transactions, and treated the

3  assets, income and liabilities of each other as their own.  Further, Aztec is informed and

4  believes, and on that basis, alleges that James A. Fry has created DOBERMANRESQ INC.

5  merely as a shield against personal liability.   Because of these actions, among others, there

6  exists, and at all times mentioned herein there existed, a unity of interest and ownership

7  between James A. Fry and the Fry Entities so that any individuality and separateness

8  between them has ceased.  Adherence to the fiction of the separate existence of the Fry

9  Entities as entities distinct from James A. Fry and as to each other, would permit abuse of

10  the corporate privilege, would produce an inequitable result, and would produce an

11  injustice.

12       47.    Hereinafter, James A. Fry, the individual and James A. Fry dba FOX

13  NETWORK SYSTEMS and dba DOBERMANRESQ.COM, plus DOBERMANRESQ

14  INC. will together be referred to as "Fry."

15  **FIRST CLAIM FOR RELIEF**

16  **(Declaratory Judgment of Copyright Ownership)**

17       48.    Aztec incorporates by this reference each and every allegation set forth in the

18  other paragraphs set forth herein.

19       49.    Aztec's First Claim for Relief is brought under 28 U.S.C. § 2201, 2202

20  (Declaratory Judgment Act).  An actual controversy exists between Aztec and Plaintiff over

21  the ownership of the Aztec Images.   Plaintiff has twice filed suit in State court in essence

22  claiming that he has a right to extract fees from Aztec for Aztec's use of the Aztec Images.

23  Further, though the parties never agreed to a license arrangement, Plaintiff claims that

24  Aztec's continued use of the Aztec Rescue Images implied a license under which he can

25  charge Aztec whatever rates he chooses.

26       50.    Plaintiff has twice invoked the Digital Millennium Copyright Act ("DMCA")

27  take-down notice to the Aztec website hosting company, stating that Plaintiff is the rightful

28  copyright owner of the Aztec Images.

**10**

51.    Plaintiff claims he is the rightful copyright owner of the Aztec Rescue Images because, after offering to display the photos of Aztec's rescue dogs to help promote them to find good homes, James A. Fry was supplied with the original digital photographic files of Aztec's rescue dogs.  James A. Fry then performed minor modifications (cropping and/or altering their size) to the original photographs and placed the Aztec Rescue Images on a commercial website owned and controlled by James A. Fry under the guise of assisting the Aztec rescue program and its chairperson in finding homes for Aztec-owned rescue dogs.

52.    As described above, Aztec is the rightful owner of the Aztec Rescue Images as the original creator through a work-for-hire relationship between Aztec and the chairperson and committee members of the Aztec Doberman Rescue program.

53.    The Aztec Logo is merely a derivative work based on a similar logo (the Doberman superimposed in front of an image of an ancient sun disc/calendar) that Aztec has used for over 25 years.   The logo was modified in or about 2003 to its current form. Pursuant to the separate lawsuit filed by Plaintiff against Aztec as described above, the Superior Court of California has ruled that Aztec is the owner of the Aztec Logo.  As described above, Aztec has filed for registration of the image of the Aztec Logo.

54.    Thus, Aztec is entitled to declaratory judgment that Aztec is the copyright owner of the Aztec Images, and any other such relief as may be appropriate including injunctive relief, costs and reasonable attorney's fees and sanctions against Fry.

### SECOND CLAIM FOR RELIEF

### (Declaratory Judgment that no licensing agreement exists)

55.    Aztec incorporates by this reference each and every allegation set forth in the other paragraphs set forth herein.

56.    Aztec's Fourth Claim for Relief is brought under 28 U.S.C. § 2201, 2202 (Declaratory Judgment Act).  An actual controversy now exists between Aztec and Plaintiff over the existence of a licensing agreement for copyrighted images. The Claim is based on Plaintiff's belief that he is the rightful owner of copyrights to Aztec Rescue Images, that he can impose fees or restrictions on the use of the Aztec Rescue Images under a license

**ANSWER and COUNTERCLAIM**
**Case No. 11-CV-1329 BTM POR**

1  arrangement. The Claim is seeking payment for Aztec's non-permissive continued use of

2  the Aztec Rescue Images based on breach of this license agreement.

3      57.    Plaintiff does not have the rights to any licensing, leasing or authority to

4  control or restrict the use of the Aztec Rescue Images because, as described above, Aztec is

5  the rightful copyright owner of such images.

6      58.    Aztec is entitled to declaratory judgment finding that no such license exists in

7  favor of Plaintiff for the Aztec Rescue Images, and that Aztec is not subject to the terms and

8  conditions of any license, plus any relief as may be appropriate including injunctive relief,

9  costs and attorneys and sanctions against Plaintiff.

10  **THIRD CLAIM FOR RELIEF**

11  **(Declaratory Judgment that federal law supersedes State law in copyright licensing)**

12      59.    Aztec incorporates by this reference each and every allegation set forth in the

13  other paragraphs set forth herein.

14      60.    Aztec's Third Claim for Relief is brought under 28 U.S.C. § 2201, 2202

15  (Declaratory Judgment Act). An actual controversy now exists between Aztec and Plaintiff

16  over the copyright ownership of the AZTEC RESCUE IMAGES and the existence of a

17  licensing agreement by Plaintiff and its enforceability against Aztec.

18      61.    Aztec is the rightful owner of the copyrighted images and no licensing

19  agreement was ever reached between Aztec and Plaintiff and for these reasons no licensing

20  agreement exists or can exist between Plaintiff and Aztec.

21      62.    However, if the Court finds there is a licensing agreement as alleged by

22  Plaintiff, Federal law supersedes State law regarding copyright licensing agreements due to

23  the fact that a license agreement as imposed by Plaintiff, if any, had no explicit termination

24  date when implemented and is not terminable at will. 17 U.S.C. §203(a)(3).

25      63.    Therefore, Aztec is entitled to declaratory judgment determining that Federal

26  law supersedes state law should it be found that a licensing agreement without a definite

27  terminate date does exist between Plaintiff and Aztec.

28  ///

ANSWER and COUNTERCLAIM
Case No. 11-CV-1329 BTM POR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Judgment for Non-Infringement of Copyrights)**

64.    Aztec incorporates by this reference each and every allegation set forth in the other paragraphs set forth herein.

65.    Aztec's Fourth Claim for Relief is brought under 28 U.S.C. § 2201, 2202 (Declaratory Judgment Act). An actual controversy now exists between Aztec and Plaintiff over whether Aztec's use of the Aztec Rescue Images constitutes infringement.  Plaintiff's Claim is based on allegations that Plaintiff is the copyright owner of the Aztec Rescue Images and that Aztec has infringed on these rights.

66.    Aztec did nothing improper regarding use of copyrighted images, and believes that Aztec is the rightful owner.  Therefore, as described above, Aztec cannot have infringed on the copyrights of Plaintiff for copying and displaying these images.

67.    Thus, Aztec is entitled to declaratory judgment finding that no infringement by Aztec occurred, and any such relief as may be appropriate including injunctive relief, costs and reasonable attorney's fees and sanctions against Plaintiff.

**FIFTH CLAIM FOR RELIEF**

**(Injunctive Relief to Prevent Abuse of the DMCA)**

68.    Aztec incorporates by this reference each and every allegation set forth in the other paragraphs set forth herein.

69.    Plaintiff has twice invoked 17 U.S.C. §512(c)(3)(A),  the Digital Millennium Copyright Act ("DMCA") to take-down notices against Aztec's website hosting company to force Aztec to first take down its entire website and then remove the Aztec Logo and Aztec Rescue Images from Aztec's website.   Plaintiff invoked the DMCA take-down though he knew, each time, that he would not be filing an infringement suit in District Court in order to continue enforcement of the take-down after the 10-14 day initial take-down period.   For the second take-down, Plaintiff included the Aztec Logo, which had already been determined to be owned by Aztec in Plaintiff's previous California Superior Court small claims case.

ANSWER and COUNTERCLAIM

Case No. 11-CV-1329 BTM POR

1    70.    For the second take-down, Plaintiff misrepresented to Aztec's website hosting

2  company that he had, in fact, filed the required infringement lawsuit in order to keep the

3  Aztec Logo and Aztec Rescue Images from being displayed on Aztec's website.  But, the

4  "infringement lawsuit" was merely Plaintiff's second small claims lawsuit, which did not

5  even include the Aztec Logo.

6    71.    Plaintiff's actions were in bad faith and retaliatory in nature and for the

7  purpose of harassment and disruption of the operations of Aztec.  By causing the website to

8  be removed or disabled, Aztec will be deprived of its ability to perform the necessary

9  functions vital to its charitable purpose.

10    72.    Unless injunctive relief is granted against Fry as requested herein, Fry will

11  continue to harass and disrupt Aztec's ability to serve the community with its charitable

12  activities and he will continue to engage in an ongoing campaign of piecemeal legal action

13  against Aztec by abusing the copyright laws.

14    73.    Therefore, Aztec is entitled to an order granting a temporary and final

15  injunction against enjoining Fry from using the DMCA to take-down Aztec's website and

16  images based on Aztec's website's display of the Aztec Images.

17                              **SIXTH CLAIM FOR RELIEF**

18                              **(Copyright infringement)**

19    74.    Aztec incorporates by this reference each and every allegation set forth in the

20  other paragraphs set forth herein.

21    75.    Aztec is the owner of the copyrights to the Aztec Images, as described above

22  as original works of authorship, and, as such, the Aztec Images constitute copyrightable

23  subject matter under the copyright laws of the United States. The Aztec Images were

24  automatically subject to copyright protection under 17 U.S.C. § 102(a) when such materials

25  were fixed in a tangible medium of expression.  Copyright protection under 17 U.S.C. §§

26  102 and 103 extends to derivative works.  Derivative works are defined in 17 U.S.C. § 101

27  to included works based on the original work or any other form in which the original work

28  may be recast, transformed modified, or adapted.

ANSWER and COUNTERCLAIM
Case No. 11-CV-1329 BTM POR

76.     The Aztec Images as submitted for registration to the United States Copyright Office are derivative works created from the original works only because Plaintiff has the original digital photos and image files in his possession and exclusive control.

77.     Aztec is informed and believes and on that basis alleges that these are the only image files in existence, and that Plaintiff may destroy or has destroyed the original files.

78.     Parts or all of the Aztec Images have been, and are continuing to be, copied or otherwise improperly reproduced and used by Fry without the permission of Aztec. Fry has infringed and will continue to infringe Aztec's copyright in and relating to the Aztec Images by using, copying, modifying, and/or distributing parts of the Aztec Images, or derivative works based on the Aztec Images, in connection with its activities related to Fry's website *DobermanResQ.com*, and other uses unknown to Aztec, but inconsistent with Aztec's exclusive rights under the Copyright Act.

79.     Fry has infringed on the Aztec Images by, among other things,:

1)  Seeking payment for the use of the Aztec Images and then attempting to enforce payment through State court action;

2)  Restricting Aztec's use the Aztec Images from by physically preventing Aztec the rightful use of the Aztec Images;

3)  Displaying the Aztec Images in a context that damages and causes harm to Aztec's reputation, causes confusion and deception to the public, and is done without Aztec's consent;

4)  Incorporating the Aztec Images into graphic elements on Fry's commercial website without Aztec's consent;

5)  Using the Aztec Images to misrepresent to the public that Aztec's decades of rescue work is Fry's own work in order to entice donors to give money to Fry; and

6)  Using the Aztec Images to convince potential donors that money sent to Fry will be used to directly to house, feed, train and provide medical care to rescue dogs.

ANSWER and COUNTERCLAIM
Case No. 11-CV-1329 BTM POR

80.   Fry's conduct was and is willfully done with knowledge of Aztec's copyrights.

81.   Defendant Aztec has no adequate remedy at law.  Fry's conduct has caused, and if not enjoined, will continue to cause, irreparable harm to Aztec.

82.   As a result of Fry's infringement, Aztec is entitled to the following relief:

1)  An order, pursuant to 17 U.S.C. § 502, granting a temporary and final injunction to prevent or restrain Fry from engaging in infringing activity related to the Aztec Images in any medium whatsoever including on any service provider system or network;

2)  An order for Fry to return to Aztec the original graphics files, as well as all copies and derivative works, of the Aztec Images;

3)  Actual damages in the amount of the donations Fry received during the time Fry displayed the Aztec Images (17 U.S.C. § 504), which is at least $20,000 or an amount according to proof; and

4)  Penalties, punitive, attorney fees and costs against Fry as allowed by law.

## JURY TRIAL DEMAND

83.   Aztec asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rules of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

**WHEREFORE**, Defendant Aztec respectfully requests that the Court enter judgment for Aztec as follows:

1.   That Plaintiff take nothing by his Claim;

2.   That Plaintiff's Claim, and all counts against Aztec, be dismissed with prejudice;

3.   That Aztec be awarded all costs, attorney fees, and expenses to the extent it incurred such costs, fees and expenses defending Plaintiff's Claims if Plaintiff's Claim is found to have not been brought in good faith;

4.   Declaratory judgment that Aztec is the copyright owner of the Aztec Images;

**ANSWER and COUNTERCLAIM**
**Case No. 11-CV-1329 BTM POR**

5.     Declaratory judgment finding that no such license exists in favor of Plaintiff for the Aztec Rescue Images, and that Aztec is not subject to the terms and conditions of any license;

6.     Declaratory judgment that federal law supersedes state law should it be found that a licensing agreement without a definite terminate date does exist between Plaintiff and Aztec;

7.     Declaratory judgment finding that no infringement by Aztec occurred;

8.     An order granting a temporary and final injunction enjoining Plaintiff from using the DMCA to take-down Aztec's website and images based on Aztec's website's display of the Aztec Images;

9.     An order, pursuant to 17 U.S.C. § 502, granting a temporary and final injunction to prevent or restrain Plaintiff from engaging in infringing activity related to the Aztec Images in any medium whatsoever including on any service provider system or network;

10.    An order for Plaintiff to return to Aztec the original graphics files, as well as all copies and derivative works, of the Aztec Images;

11.    Actual damages in the amount of the donations Plaintiff received during the time Plaintiff displayed the Aztec Images (17 U.S.C. § 504), which is at least $20,000, or an amount according to proof;

12.    Penalties and punitive damages in favor of Aztec against Plaintiff as allowed by law;

13.    Attorneys fees and costs in favor of Aztec against Plaintiff as allowed by law;

14.    Such other further relief to which Aztec may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Dated:  July 1, 2011.                                    SCHOLEFIELD, P.C.


                                                         s/  Pamela J. Scholefield
                                                         Pamela J. Scholefield
                                                         Attorney for Defendant and
                                                         Counterclaimant Aztec Doberman Pinscher
                                                         Club of San Diego

ANSWER and COUNTERCLAIM
Case No. 11-CV-1329 BTM POR