Pamela J. Scholefield (SBN 196368)
SCHOLEFIELD, P.C.
501 West Broadway, #1770
San Diego, CA 92101
Telephone: (619) 544-0086
Fax: (619) 544-0045
pam@construction-laws.com

Attorney for Plaintiff:
Aztec Doberman Pinscher Club of San Diego

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES A. FRY DBA FOX NETWORK SYSTEMS;<br><br>                    Plaintiff,<br>v.<br><br>AZTEC DOBERMAN PINSCHER CLUB OF SAN DIEGO<br>    Defendant, Third-Party Plaintiff<br>v.<br><br>JAMES A. FRY an individual and DBA DOBERMANRESQ.COM; and DOBERMANRESQ INC., a California Corporation,<br>        Third-Party Defendants | CASE NO:  11-CV-1329 BTM POR<br><br>**AZTEC DOBERMAN PINSCHER CLUB OF SAN DIEGO'S THIRD-PARTY COMPLAINT FOR INJUNCTIVE RELIEF; and DAMAGES**<br><br>**JURY TRIAL DEMANDED**<br><br>**Judge: Hon. Barry Ted Moskowitz** |

**THIRD-PARTY COMPLAINT**

Third-Party Plaintiff, AZTEC DOBERMAN PINSCHER CLUB OF SAN DIEGO, ("Aztec") through its attorney submits this Third-Party Complaint against JAMES A. FRY an individual and DBA DOBERMANRESQ.COM; and DOBERMANRESQ INC., a California Corporation, on personal knowledge as to its own activities and information and belief as to the activities of others as follows:

///

1

THIRD-PARTY COMPLAINT
Case No. 11-CV-1329 BTM POR

**FEDERAL QUESTION JURISDICTION**

1. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case presents a civil action under the United States Copyright Act. Aztec further seeks relief under 28 U.S.C. § 2201, 2202 (Declaratory Judgment Act).

**VENUE**

2. The United States District Court for the Southern District of California is proper because the Claim is a copyright action filed in San Diego County, California. 28 U.S.C. §1400 (a), (b), and Aztec and the Third-Party Defendants have their principal place of business in the Southern District of California.

**BACKGROUND**

3. The Copyright Act, Title 17 U.S.C. § 101 *et. seq.*, is the exclusive law regulating copyrighted materials including the rights to own, transfer or license such rights.

4. Under 17 U.S.C. § 411(a), registration of a copyright is a prerequisite to bringing an infringement suit. Further, "receipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a)." *Cosmetic Ideas, Inc. v. IAC/Interactivecorp,* 606 F.3d 612 (9th Cir. 2010).

5. On or about June 14, 2011, Aztec submitted an application for copyright registration of various images that are on the Aztec website (*www.aztecdpc.com*), and is currently awaiting registration [claim# 1-622320731]. The images submitted for registration include the Aztec Rescue Images that are the subject of Plaintiff's Claim and the image of Aztec's logo (hereinafter the "Aztec Logo"), which is the Doberman superimposed in front of an image of an ancient sun disc/calendar. Attached hereto as **Exhibit A** are true and correct copies of the images Aztec submitted for registration. Therefore, Aztec has standing to bring this Third-Party Claim under 17 U.S.C. § 411(a).

6. On or about April 22, 2011, a different trial was held in the Superior Court of California, County of San Diego pursuant to a lawsuit brought by Plaintiff JAMES A. FRY DBA FOX NETWORK SYSTEMS ("Fry/Fox Network Systems") against Aztec claiming payment was owed to Fry/Fox Network Systems for, among other things, Aztec's use of the

Aztec Logo (Superior Court Case No. 37-2011-00001022-SC-SC-CTL).  In that case, the court returned a judgment in favor of Aztec as defendants finding that Fry/Fox Network Systems did not own the rights to the Aztec Logo.

7. Soon after the court entered the judgment against Fry/Fox Network Systems began displaying the Aztec Logo on the website Fry/Fox Network Systems controls and which James A. Fry uses as a fictitious business name: *DobermanResQ.com*, and Fry/Fox Network Systems filed a Claim in California Superior Court.  Thereafter, as described above, Aztec registered the Aztec Rescue Images that are the subject matter of Fry/Fox Network Systems's Claim, as well as the image of the Aztec Logo (hereinafter, the Aztec Rescue Images and Aztec Logo are together referred to as the "Aztec Images.")

8. Aztec believes that it is the rightful copyright owner of all the Aztec Images created by or for Aztec.

9. The Aztec Rescue Images at issue in this case were created by the then chairperson of the Aztec Doberman Rescue program, an established and recognized program of Aztec.

10. In the course of carrying out the duties of the chairperson of Aztec's Doberman Rescue, the chairperson takes photographs of the dogs that are taken into Aztec's rescue program.  Aztec then uses these photographs to promote the dogs for adoption.  Thus, the photographs are taken of Aztec-owned dogs, by Aztec Doberman Rescue committee members, using Aztec's camera, at Aztec authorized kennels.  These rescue images are fixed in a tangible medium of expression sufficiently permanent or stable to permit the work to be perceived, reproduced, or otherwise communicated for more than a transitory duration. In this case, all the Aztec Rescue Images are digital files initially stored on the camera memory card, and then transferred to a computer drive for display on the Aztec website and other websites.

11. After offering to display on his website the photos of Aztec's rescue dogs to help promote them to find good homes, James A. Fry was supplied with the original digital photographic files of Aztec's rescue dogs.  James A. Fry then performed minor

1  modifications (cropping and/or altering their size) to the original photographs and then
2  placed the Aztec Rescue Images on a commercial website owned and controlled by James
3  A. Fry under the guise of assisting the Aztec rescue program and its chairperson in finding
4  homes for Aztec-owned rescue dogs.
5      12.    Aztec is the rightful owner of the Aztec Rescue Images as the original creator
6  through a work-for-hire relationship between Aztec and the chairperson and committee
7  members of the Aztec Doberman Rescue program.
8      13.    The Aztec Logo is merely a derivative work based on a similar logo (the
9  Doberman superimposed in front of an image of an ancient sun disc/calendar) that Aztec has
10 used for over 25 years.   The logo was modified in or about 2003 to its current form.
11 Pursuant to the separate lawsuit filed by Plaintiff against Aztec as described above, the
12 Superior Court of California has ruled that Aztec is the owner of the Aztec Logo.  As
13 described above, Aztec has filed for registration of the image of the Aztec Logo.
14     14.    Thus, Aztec brings this Third-Party Complaint based on its claim of copyright
15 ownership of the Aztec Images.
16     15.    Aztec is informed and believes that James A. Fry is a member, director and
17 officer of DOBERMANRESQ INC. and is the person who dominates and controls
18 DOBERMANRESQ INC.  Fry/Fox Network Systems and JAMES A. FRY DBA
19 DOBERMANRESQ.COM, and DOBERMANRESQ INC., hereinafter referred to as the
20 "Fry Entities," and James A. Fry, the individual, are each and all liable for the acts of the
21 others as alleged in this Third-Party Complaint as the alter egos of each other.  Recognition
22 of the privilege of separate existence would promote injustice because James A. Fry
23 dominated and controlled the Fry Entities, and Aztec is informed and believes and on that
24 basis alleges, that James A. Fry and the Fry Entities failed to comply with required legal
25 formalities in their business dealings, comingled funds and other assets between themselves,
26 did not conduct business with each other through arms-length transactions, and treated the
27 assets, income and liabilities of each other as their own.  Further, Aztec is informed and
28 believes, and on that basis, alleges that James A. Fry has created DOBERMANRESQ INC.

1  merely as a shield against personal liability.   Because of these actions, among others, there
2  exists, and at all times mentioned herein there existed, a unity of interest and ownership
3  between James A. Fry and the Fry Entities so that any individuality and separateness
4  between them has ceased.  Adherence to the fiction of the separate existence of the Fry
5  Entities as entities distinct from James A. Fry and as to each other, would permit abuse of
6  the corporate privilege, would produce an inequitable result, and would produce an
7  injustice.
8     16.    Hereinafter, James A. Fry, the individual and James A. Fry dba FOX
9  NETWORK SYSTEMS and dba DOBERMANRESQ.COM, plus DOBERMANRESQ
10 INC. will together be referred to as "Fry."

**FIRST CLAIM FOR RELIEF**

**(Injunctive Relief to Prevent Abuse of the DMCA)**

13     17.    Aztec incorporates by this reference each and every allegation set forth in the
14 other paragraphs set forth herein.
15     18.    James A. Fry, under his fictitious business name Fox Network Systems, has
16 twice invoked 17 U.S.C. §512(c)(3)(A),  the Digital Millennium Copyright Act ("DMCA")
17 to take-down notices against Aztec's website hosting company to force Aztec to first take
18 down its entire website and then remove the Aztec Logo and Aztec Rescue Images from
19 Aztec's website.   James A. Fry invoked the DMCA take-down though he knew, each time,
20 that he would not be filing an infringement suit in District Court in order to continue
21 enforcement of the take-down after the 10-14 day initial take-down period.   For the second
22 take-down, James A. Fry included the Aztec Logo, which had already been determined to be
23 owned by Aztec in the previous California Superior Court small claims case that James A.
24 Fry and filed under his fictitious business name Fox Network Systems.
25     19.    For the second take-down, James A. Fry misrepresented to Aztec's website
26 hosting company that he had, in fact, filed the required infringement lawsuit in order to keep
27 the Aztec Logo and Aztec Rescue Images from being displayed on Aztec's website.   But,
28

the "infringement lawsuit" was merely James A. Fry's second small claims lawsuit, which did not even include the Aztec Logo.

20. James A. Fry's actions were in bad faith and retaliatory in nature and for the purpose of harassment and disruption of the operations of Aztec. By causing the website to be removed or disabled, Aztec will be deprived of its ability to perform the necessary functions vital to its charitable purpose.

21. Unless injunctive relief is granted against James A. Fry the individual and the Fry Entities, Fry will continue to harass and disrupt Aztec's ability to serve the community with its charitable activities and he will continue to engage in an ongoing campaign of piecemeal legal action against Aztec by abusing the copyright laws.

22. Therefore, Aztec is entitled to an order granting a temporary and final injunction against enjoining Fry from using the DMCA to take-down Aztec's website and images based on Aztec's website's display of the Aztec Images.

## SECOND CLAIM FOR RELIEF
## (Copyright infringement)

23. Aztec incorporates by this reference each and every allegation set forth in the other paragraphs set forth herein.

24. Aztec is the owner of the copyrights to the Aztec Images, as described above as original works of authorship, and, as such, the Aztec Images constitute copyrightable subject matter under the copyright laws of the United States. The Aztec Images were automatically subject to copyright protection under 17 U.S.C. § 102(a) when such materials were fixed in a tangible medium of expression. Copyright protection under 17 U.S.C. §§ 102 and 103 extends to derivative works. Derivative works are defined in 17 U.S.C. § 101 to included works based on the original work or any other form in which the original work may be recast, transformed modified, or adapted.

25. The Aztec Images as submitted for registration to the United States Copyright Office are derivative works created from the original works only because James A. Fry has the original digital photos and image files in his possession and exclusive control.

26. Aztec is informed and believes and on that basis alleges that these are the only image files in existence, and that James A. Fry may destroy or has destroyed the original files.

27. Parts or all of the Aztec Images have been, and are continuing to be, copied or otherwise improperly reproduced and used by James A. Fry and the Fry Entities without the permission of Aztec. Fry has infringed and will continue to infringe Aztec's copyright in and relating to the Aztec Images by using, copying, modifying, and/or distributing parts of the Aztec Images, or derivative works based on the Aztec Images, in connection with its activities related to Fry's website *DobermanResQ.com*, and other uses unknown to Aztec, but inconsistent with Aztec's exclusive rights under the Copyright Act.

28. Fry has infringed on the Aztec Images by, among other things,:
   1) Seeking payment for the use of the Aztec Images and then attempting to enforce payment through State court action;
   2) Restricting Aztec's use the Aztec Images from by physically preventing Aztec the rightful use of the Aztec Images;
   3) Displaying the Aztec Images in a context that damages and causes harm to Aztec's reputation, causes confusion and deception to the public, and is done without Aztec's consent;
   4) Incorporating the Aztec Images into graphic elements on Fry's commercial website without Aztec's consent;
   5) Using the Aztec Images to misrepresent to the public that Aztec's decades of rescue work is Fry's own work in order to entice donors to give money to Fry; and
   6) Using the Aztec Images to convince potential donors that money sent to Fry will be used to directly to house, feed, train and provide medical care to rescue dogs.

29. Fry's conduct was and is willfully done with knowledge of Aztec's copyrights.

30. Defendant Aztec has no adequate remedy at law.  Fry's conduct has caused, and if not enjoined, will continue to cause, irreparable harm to Aztec.

31. As a result of Fry's infringement, Aztec is entitled to the following relief:

    1) An order, pursuant to 17 U.S.C. § 502, granting a temporary and final injunction to prevent or restrain Fry from engaging in infringing activity related to the Aztec Images in any medium whatsoever including on any service provider system or network;

    2) An order for Fry to return to Aztec the original graphics files, as well as all copies and derivative works, of the Aztec Images;

    3) Actual damages in the amount of the donations Fry received during the time Fry displayed the Aztec Images (17 U.S.C. § 504), which is at least $20,000 or an amount according to proof; and

    4) Penalties, punitive, attorney fees and costs against Fry as allowed by law.

## JURY TRIAL DEMAND

32. Aztec asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rules of Civil Procedure 38, a trial by jury on all issues.

## PRAYER

**WHEREFORE**, Defendant Aztec respectfully requests that the Court enter judgment for Aztec as follows:

1. An order granting a temporary and final injunction enjoining Fry from using the DMCA to take-down Aztec's website and images based on Aztec's website's display of the Aztec Images;

2. An order, pursuant to 17 U.S.C. § 502, granting a temporary and final injunction to prevent or restrain Fry from engaging in infringing activity related to the Aztec Images in any medium whatsoever including on any service provider system or network;

3. An order for Fry to return to Aztec the original graphics files, as well as all copies and derivative works, of the Aztec Images;

4. Actual damages in the amount of the donations Fry received during the time Fry displayed the Aztec Images (17 U.S.C. § 504), which is at least $20,000, or an amount according to proof;

5. Penalties and punitive damages in favor of Aztec against Fry as allowed by law;

6. Attorneys fees and costs in favor of Aztec against Fry as allowed by law;

7. Such other further relief to which Aztec may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Dated:  July 1, 2011.                              SCHOLEFIELD, P.C.


                                                   s/  Pamela J. Scholefield
                                                   Pamela J. Scholefield
                                                   Attorney for
                                                   Defendant and Third-Party Plaintiff
                                                   Aztec Doberman Pinscher Club of
                                                   San Diego