1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10   JAMES FRY,                              Civil No.    11-cv-1329-BTM (POR)

11                           Plaintiff,
                                            **SCHEDULING ORDER REGULATING**
12             v.                           **DISCOVERY AND OTHER PRETRIAL**
                                            **PROCEEDINGS**
13   AZTEC DOBERMAN PINSCHER CLUB OF
     SAN DIEGO,
14                          Defendant.

15

16        On February 6, 2012, the Court held a Case Management Conference.  Appearing before the

17   Court were: Don McInnis, Esq., counsel for Plaintiff; and Pam Scholefield, Esq., counsel for

18   Defendant.  After consulting with the parties and being advised of the status of the case, and good

19   cause appearing, **IT IS HEREBY ORDERED**:

20        1.        Any motion to join other parties, to amend the pleadings, or to file additional

21   pleadings shall be *filed* on or before **February 27, 2012**.

22        2.        On or before **April 2, 2012**, all parties shall exchange with all other parties a list of

23   all expert witnesses expected to be called at trial.  The parties must identify <u>any</u> person who may be

24   used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This

25   requirement is <u>not</u> limited to retained experts.  The list shall include the name, address, and phone

26   number of the expert and a brief statement identifying the subject areas as to which the expert is

27   expected to testify.  The list shall also include the normal rates the expert charges for deposition and

28   trial testimony.  On or before **April 16, 2012**, any party may supplement its designation in response

1    to any other party's designation so long as that party has not previously retained an expert to testify

2    on that subject.

3           3.      A Mandatory Settlement Conference shall be conducted on **May 14, 2012**, at

4    **10:00 a.m.**, in the chambers of the Honorable Louisa S Porter's successor.  The parties shall

5    exchange and lodge settlement statements <u>directly</u> with Judge Porter's successor on or before **May**

6    **7, 2012**.  The settlement statements should include a neutral factual statement of the case, identify

7    controlling legal issues, and concisely set out issues of liability and damages, including any

8    settlement demands and offers to date and addressing special and general damages where applicable.

9    The settlement statements **shall not** be filed with the Clerk of the Court.

10          All parties and claims adjusters for insured defendants and representatives <u>with complete</u>

11   <u>authority</u>[1] to enter into a binding settlement, as well as the principal attorney responsible for the

12   litigation, shall be present and legally and factually prepared to discuss and resolve the case at the

13   settlement conference. Corporate counsel and/or retained outside corporate counsel **shall not** appear

14   on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.

15   The parties must be legally and factually prepared to discuss and resolve the case at the mandatory

16   settlement conference.  All conference discussions will be informal, off the record, privileged and

17   confidential.

18          Mandatory settlement conferences shall not be rescheduled without a showing of good cause

19   and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall <u>jointly</u>

20   contact the Court at least 10 days prior to the conference.  Absent exceptional circumstances, the

21   Court will not reschedule this conference with less than 10 days notice.  <u>Only in extreme</u>

22   <u>circumstances will the Court reschedule a mandatory settlement conference with less than 24 hours</u>

23   <u>notice.</u>

24   _____

25        [1]

26         "Complete authority" to settle means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  <u>G. Heileman</u>

27   <u>Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the

28   conference includes that the person's view of the case may be altered during the face to face conference.  Id. at 486. A limited or a sum certain of authority is not adequate.  <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

4.      Each expert witness designated by a party shall prepare a written report to be provided to all other parties no later than **June 22, 2012**, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).  **Except as provided in paragraph 4, below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

5.      Any party, through any expert designated shall, in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party.  Any such supplemental reports are due on or before **July 6, 2012**.

6.      <u>All</u> discovery, including expert discovery, shall be completed on or before **July 30, 2012**.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so **that it may be completed** by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than 30 days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

7.      All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **August 31, 2012**.  Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **Be advised that the parties must file their moving papers within three days of receiving the motion hearing date from the Court.  Be further advised that the period of time between the date you request a motion date and the hearing date may be up to two months.  Please plan accordingly.**

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed 25 pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed 10 pages without leave of the judge or magistrate judge who

1   will hear the motion.

2         8.      In a <u>bench trial</u>, counsel shall serve on each other and file with the Clerk of the Court

3   their Memoranda of Contentions of Fact and Law in compliance with Local Rule 16.1(f)(2), (3) and

4   (4) on or before **November 19, 2012**.

5         9.      All parties or their counsel shall also fully comply with the Pretrial Disclosure

6   requirements of Fed. R. Civ. P.  26(a)(3) on or before **November 19, 2012**.  *Failure to comply with*

7   *these disclosures requirements could result in evidence preclusion or other sanctions under Fed. R.*

8   *Civ. P. 37.*

9        10.     The parties shall meet and confer on the preparation of the Pretrial Order required by

10   the Honorable Barry Ted Moskowitz, and take the action required by Local Rule 16.1(f)(4), on or

11   before **November 26, 2012**.  The parties shall discuss and prepare a proposed Pretrial Order

12   containing the following:

13         a.     A statement to be read to the jury, not in excess of one page, setting forth the nature

14             of the case, claims and defenses.

15         b.     A list of the causes of action to be tried, referenced to the Complaint and

16             Counterclaim, if any.  For each cause of action, the order shall succinctly list the

17             elements of the claim, damages and any defenses.  A cause of action in the Complaint

18             or Counterclaim which is not listed shall be dismissed with prejudice.

19         c.     A list of:

20             (i).    each witness that counsel actually expects to call at trial with a brief

21                  statement, not exceeding four sentences, of the substance of the witnesses'

22                  testimony.

23             (ii).   each expert witness that counsel actually expects to call at trial with a brief

24                  statement, not exceeding four sentences, of the substance of the expert

25                  witnesses' testimony.

26             (iii).  additional witnesses, including experts, that counsel do not expect to call at

27                  this time but reserve the right to call at trial along with a brief statement, not

28                  exceeding four sentences, of the substance of the witnesses' testimony.

d.  A list of:

   (i).    all exhibits that counsel actually expect to offer at trial with a single-sentence description of each exhibit.

   (ii).   additional exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial along with a single-sentence description.

e.  A statement of all facts to which the parties stipulate.  This statement shall be on a separate page and will be read to and provided to the jury.  The parties are encouraged to meet with the assigned Magistrate Judge to work out as many stipulations of fact as possible.

f.  A list of all deposition transcripts by page and line, or video tape depositions by section, that will be offered at trial.

g.  In addition to filing proposed jury instructions in accordance with Fed. R. Civ. P. 51 and CivLR 51.1, the parties shall e-mail the proposed instructions in Word or WordPerfect form to Chambers.  If a party disagrees with a particular instruction, the party shall submit an alternate instruction.

The parties are encouraged to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order.  The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

11.  The final Pretrial Order, including objections any party has to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **December 10, 2012**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6).  Counsel shall also bring a court copy of the final Pretrial Order to the Pretrial Conference.

12.  The Pretrial Conference shall be held before the **Honorable Barry T. Moskowitz**, United States District Court Judge, on **December 18, 2012**, at **4:00 p.m.**

13.  The dates and times set forth herein will not be further modified except for good cause shown.

///

1    ///

2         14.   Counsel for Defendant shall serve a copy of this order on all parties that enter this case

3    hereafter.

4         **IT IS SO ORDERED.**

5    DATED:  February 7, 2012

6

7                                          LOUISA S PORTER
                                           United States Magistrate Judge

8

9    cc:        The Honorable Barry T. Moskowitz
                All parties

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28